## SCHWELLER v NEVIN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1711. Decided Dec 5, 1941

George Alcorn, Dayton, for defendant-appellant.

J. D. McLeran, Dayton, for plaintiff-appellee.

## OPINION

By GEIGER, PJ.

This case had its inception in the municipal court of the city of Dayton. In that court a statement of claim was filed wherein the plaintiff asserted that he was a duly licensed real estate broker; that the defendant and his wife were the owners of certain farm land; that the defendant desired to exchange the farm for a lot and house located in Dayton and for that purpose employed Schweller to effect said exchange; that plaintiff acting upon his employment located suitable property for exchange purposes in the city of Dayton, being then owned by Velma L. Hale; that he took defendant and his wife to the said dwelling; that it was agreed by the defendant and his wife, owners of the farm and the owner of the house in Dayton that a transfer be made and that the terms of such trade were agreed upon; that the agreement was brought about by the plaintiff in the course of his employment; that the exchange was fully consummated between the parties owning the several pieces of real estate as a result of the activities of the plaintiff in bringing the owners together. It is alleged that plaintiff has not been paid for his services, reasonably worth $100.00.

Two motions were filed to this petition, one to strike and one to make more definite and certain, both of which were overruled.

During the trial a general denial was dictated into the record as well as a reply by the plaintiff. Neither of these pleadings appear among the papers, but the contents appear in the bill of exceptions.

The case was heard by Arthur J. Eaton, sitting by appointment, as a municipal judge, a jury being waived. On April 3, 1940, the court filed an opinion. All issues were found in favor of the plaintiff; that the plaintiff rendered services; that the sum claimed is reasonable and plaintiff is entitled to recover from the defendant. The matter was journalized rendering judgment in favor of plaintiff. The opinion of the court is quite comprehensive and deals with all the issues raised by the parties during the trial.

Motion for new trial was filed and overruled and on April 29th judgment was rendered against the defendant in the sum of $100.00.

Notice of appeal to the Common Pleas Court was given from the judgment rendered on the 3rd of April, 1940.

On August 29, 1941, judgment was entered finding that there was no error in the proceedings before the Municipal Court and the judgment was affirmed. The court ordered the money which had been deposited as a bond to be distributed in payment of costs and of the judgment.

Defendant gave notice of his intention to appeal from the judgment of

the Common Pleas Court to the Court of Appeals on questions of law.

No bill of exceptions or agreement of parties as to the evidence was disclosed by the record at the time this matter was first taken under advisement, but upon further investigation the bill was found in the office of the Clerk and was filed as of the date of the transcript of docket and journal entries and is now being considered by us without objection as to any irregularity in its filing.

We have read the bill of exceptions and arrive at the conclusion that it fully supports the allegation of the plaintiff as to his being a licensed broker engaged by Mr. Chester Nevin to sell the property located on Route 40 and, after having failed in that, to secure a suitable exchange for the property. The plaintiff's activities were suspended for a time by the fact that Mrs. Nevin had refused to sign the deed, either because she was not satisfied with the Dayton property or because there was then a $500.00 mortgage due upon it. Afterwards, Nevin sued his wife for divorce and so far as we are able to discover from the record, it was for the purpose of being able to get the property in his own name so that he might make a deed for it in exchange for the Dayton property. However, by advice of Mrs. Nevin's attorney, she agreed to sign the deed upon condition that the divorce proceeding be dropped. This was done. A deed was made by each party and the exchange consummated.

Briefs of counsel for both sides are burdened with entirely too much repetition of the evidence from the bill of exceptions making the same long and tedious to read. Probably the chief matter relied upon by the defendant was the fact that at the time the original contract for the sale of the property was entered into with the plaintiff by the defendant, Chester Nevin, he was not the owner of the property, it being in his wife's name and criticism is also directed to the fact that the contract was not in writing in reference to his services as a broker. While the statute at one time required such a written contract, it has since been amended so as to eliminate this requirement and this objection is without force.

The action in this case is brought against Chester Nevin for services rendered to him in securing an exchange of the farm property for the Dayton property. We do not think it is a serious objection that the property was not in the name of Chester Nevin at the time the contract was made but was in his wife's name. She went with the plaintiff to examine the property in Dayton. While she at first objected to making the deed, she afterwards acquiesced and the deed was made in compliance with the modified agreement to take the property in exchange rather than for cash. She also secured, by her refusal to sign, the cancellation of the mortgage for $500.00 upon the Dayton property, thereby saving the amount of the mortgage.

We are in thorough accord with the judgment of the Municipal Court and would frankly say that having had occasion to examine many opinions from Municipal Courts, we find the opinion of this judge, even though he may have been sitting by appointment, to stand out in most favorable comparison with the usual Municipal Court opinion.

We do not deem it of any advantage to restate in further detail the issues made in this case as our conclusions could not be better expressed than has already been done by the Municipal Judge. We can not escape the conclusion that in the progress of this case there has been much that might be subject to criticism. At times it appears that the chief purpose of some of the witnesses was to secure a commission for themselves rather than have it paid to the plaintiff. However this may be, the evidence is clear that the plaintiff performed services as a registered broker at the request of the defendant and that as a result of said services the transaction was made and that the services rendered were well worth the amount of the judgment.

Judgment of the Court of Common Pleas, affirming the judgment of the

Municipal Court, is affirmed and the cause remanded at the costs of the defendant-appellant.

BARNES & HORNBECK, JJ., concur.